## ELIJAH D. GOODRICH *vs.* HENRY H. STEVENS.

Worcester.    October 2. — 24, 1874.    COLT & MORTON, JJ., absent.

When a copy of a judgment roll offered in evidence is partly printed and partly written, but has the clerk's certificate at the end of the written part only, whether the certificate applies to the whole roll or to the written part alone is a question of fact to be determined by examination and inspection of the papers.

It is no defence to an action brought by one citizen of this state against another, on a judgment recovered in suit between the same parties in a court of another state having jurisdiction of the parties, and in which the defendant appeared, that the plaintiff took an assignment of the cause of action without consideration from a citizen of the other state in order to prevent the defendant when sued there from removing the case into the Circuit Court of the United States.

A judgment creditor may bring an action in his own name, although another person is entitled to the avails of it.

CONTRACT upon a judgment of the Supreme Court of the state of New York.

At the trial before *Gray,* C. J., the plaintiff introduced as evidence of the judgment declared on an exemplification of it which was partly printed and partly in writing. The defendant objected that the certificate of the clerk appended to the exemplification applied to the written part only. But upon inspection of the papers it was ruled that the certificate was intended to and did extend to the whole judgment roll.

The defendant offered to show that the real owner of the cause of action so sued upon in New York was Henry P. Smith, a citizen of that state, and that the nominal plaintiff took an assignment of this cause of action from Smith without any consideration, and for the purpose of having the suit brought in New York, between citizens of Massachusetts, in order to confer on the courts of New York final jurisdiction of the cause, and to defraud the defendant of his right to remove the case to the Circuit Court of the United States.

The defendant also offered to show that the nominal plaintiff was not the real owner of the judgment, that the real owner resides in New York, and contended that the writ was defective in not setting forth the name of the real owner of the cause of action.

The evidence was excluded; a verdict was taken for the plaintiff, and the defendant alleged exceptions.

*W. S. B. Hopkins*, for the defendant.

*T. L. Nelson*, for the plaintiff.

ENDICOTT, J. A portion of the judgment roll offered by the plaintiff was printed, and a portion was in writing. The only objection to its admission was, that the certificate of the clerk applied to the written part only. This is a matter to be determined by examination and inspection of the papers. No question of law is involved in the decision, and it is apparent that the certificate was intended to and does extend to the whole judgment roll. The ruling of the presiding judge admitting it in evidence was correct. *Knapp* v. *Abell*, 10 Allen, 485. 1 Greenl. Ev. §§ 504, 506.

The facts which the defendant offered to prove, if proper matter of defence, should have been presented in the original action. It was alleged in the plaintiff's complaint in that action, that the contract and all rights of action arising thereon had, for a good consideration, been assigned to the plaintiff. This would authorize him under the laws of New York to bring an action in his own name. It is not denied that the court had jurisdiction of the parties. Process was duly served, the defendant appeared and made answer, raising no question upon the assignment. The case was tried by a jury upon the issues presented by the defendant. Judgment was rendered against him, which on appeal to the general term was affirmed. He is now concluded by that judgment.

To allow this defence would not be giving full faith and credit to the judicial proceedings of another state, when the court has jurisdiction of the parties, the subject matter, and its proceedings are not founded in fraud; and would open to defendants when sued on a judgment so obtained, any defence which they had neglected to make in the original action. *Carleton* v. *Bickford*, 13 Gray, 591. *Hall* v. *Williams*, 6 Pick. 232. 1 Greenl. Ev. § 548.

The action is properly brought in the plaintiff's name, he being the judgment creditor, although another may be entitled to the avails of it. *Moore* v. *Coughlin*, 4 Allen, 335.

*Exceptions overruled.*