# PROVIDENCE COUNTY.

### LEONARD TILLINGHAST AND STEPHEN BROWN, Copartners, *vs.* WHIPPLE V. PHILLIPS.

A received a bond, made an assignment for the benefit of his creditors, "settled with his creditors," received the bond back from his assignee and brought suit thereon. At the trial he testified that he gave new notes for his old indebtedness; whereupon he was asked by the defendant what was the tenor of these notes, and whether he had paid them.

*Held,* that the question was immaterial and was properly excluded.

The bond must be sued in the name of A., whether the suit is for the benefit of A. or of the assignee, and the return of the bond to A. is proof of authority to A. from the assignee to bring suit.

EXCEPTIONS to the Court of Common Pleas.

*October* 17, 1885. DURFEE, C. J. This is an action of debt for the breach of a bond, or of a contract in the nature of a bond. One of the defences is that, after the bond or contract was given, the plaintiff made a personal assignment for the benefit of his creditors, and therefore has no right to prosecute the action for himself. The plaintiff's answer is that after making the assignment he "settled with his creditors," and that thereupon the assignee gave him back the contract or bond. In the trial to the jury the plaintiff so testified, and also testified in cross-examination that he gave new notes for the old indebtedness. The defendant asked if the notes so given had been paid and what was their tenor. The court ruled the question out as immaterial. The defendant excepted, and now, after verdict for the plaintiff, moves for a new trial for error in the ruling. We do not find any error. The action has to be brought in the plaintiff's name, whether it is brought for the plaintiff or for the assignee. It makes no difference, therefore, to

the defendant, whether it is brought for the one or the other, if it is authorized, so that the defendant will be protected in satisfying the judgment.   According to the testimony, it was authorized by the assignee ; the restoration of the contract being tantamount to authorization.   The assignee is trustee for the creditors, and it must be assumed, in the absence of any proof to the contrary, that he properly acts for them.   Proof that the notes remain unpaid is not proof to the contrary ; for, even if the notes were not given and received as " absolute payment," it cannot be thence inferred that " the settlement " was not intended to have at least the effect of releasing the assigned property from the trust.   And see *Moore* v. *Coughlin*, 5 Allen, 335 ; *Dodd* v. *Noble*, 5 Blackf. Ind. 30 ; *Goodrich* v. *Stevens*, 116 Mass. 170.

*Exceptions overruled.*

*James C. Collins*, for plaintiff.
*Dexter B. Potter*, for defendant.