**WILBUR et al. v. FORD et al.**

**Civil Action No. 7908.**

United States District Court
D. Massachusetts.

Jan. 4, 1949.

Joseph J. Krohn, of Boston, Mass., for plaintiffs.

Eustace Charles Ford, pro se.

John W. Blakeney, Jr., of Boston, Mass., for defendant Home Indemnity Co.

WYZANSKI, District Judge.

This case is before the Court on the motions of the defendants to dismiss for lack of jurisdiction.

The complaint in three counts is brought by a citizen of Maine and citizens of Illinois against a citizen of Massachusetts and a New York corporation.

In Count 1 relief is sought in the name of the Judge of Probate of Knox County for the benefit of the Illinois citizens. It is alleged that the Maine Probate Court appointed defendant Ford on January 19, 1939, as guardian of the persons and property of three of the Illinois citizens. Ford served until his resignation August 14, 1947. He as principal and The Home Indemnity Company as surety executed and gave the usual probate bond to the Maine Judge of Probate. Ford is alleged to have failed to perform the conditions of the bond and in particular to pay to his wards money "which on final settlement of his accounts, and as decreed by said Probate Court, appeared to be in his hands." The Probate Court decrees, showing upwards of $35,000 due, are annexed. After having made demand for payment, plaintiffs demand judgment for the benefit of the wards for the amount of the bond, $5,000.

In Count 2 relief is sought by the wards and the present guardian of two of them (not including the Probate Judge) against both defendants. The claim under this Count is stated in three alternative ways. In substance it is charged that, pursuant to an agreement not approved by the Maine Probate Court, Ford and the surety assumed joint control of the guardian's funds, that the funds were maladministered and embezzled by Ford, that $39,500 was misappropriated, embezzled and converted, that the greater part of these losses has been decreed by the Maine Probate Court to be chargeable against Ford, and that the wards demand judgment against both defendants for $39,500 plus interest.

In Count 3 relief is sought by the wards against only the surety. It is alleged that it undertook to safeguard and control the funds of the guardian, that it failed to exercise proper care in safeguarding and controlling these funds and that this negligence caused the wards losses amounting to $39,500 for which judgment is demanded.

Defendants' motions attack Count 1 chiefly on the grounds that (1) Maine Rev. Stat. of 1944, c. 151, § 6, requires suits on probate bonds to be commenced in a particular Maine superior court; (2) the practice and procedure to be pursued in recovering upon Maine probate bonds are prescribed by Maine Rev.Stat. of 1944, c. 151; (3) the Maine Judge of Probate has no legal capacity to maintain this action in this Court; and (4) the defendant surety is entitled to the benefits of Maine Rev.Stat. c. 151, §§ 7 and 8.

■ The first, second and fourth of these points misconstrue the Maine statutes. Nothing in the legislation of Maine attempts to restrict the Probate Judge from enforcing the bond in tribunals other than the Maine courts. Nor does anything in that legislation purport to give certain substantive benefits to sureties. The statutes merely provide that if the Probate Judge resorts to a State of Maine tribunal he must go to a particular State of Maine court and pursue prescribed procedure.

■■ The third point, raising the issue whether the Maine Probate Judge in his representative capacity may sue in the United States District Court for the District of Massachusetts, is to "be determined by the law of the state in which the district court is held." Federal Rules of Civil Procedure, rule 17(b), 28 U.S.C.A.; Cooper v. American Airlines, Inc., 2 Cir., 149 F.2d 355, 162 A.L.R. 318. Under the law of Massachusetts a Maine state officer who is the obligee of a contract or bond has standing to bring in Massachusetts a suit in his official capacity. Cf. State of Maine v. Gould, 11 Metc. 220, 52 Mass. 220. Even if this were not so, where, as here, the Maine officer is a merely formal party suing for the benefit of private persons who are the real parties in interest, Massachusetts would allow a suit to be brought in Massachusetts in the officer's name without inquiring into his official capacity. Goodrich v. Stevens, 116 Mass. 170. Cf. Choate v. Assessors of Boston, 304 Mass. 298, 303, 304, 23 N.E.2d 882; Cooper v. American Airlines, Inc., supra.

■ Defendants attack Counts 2 and 3 and perhaps Count 1 on the ground that they present questions of probate accounting and like matters which in their view are not within the jurisdiction of a court of the United States. Analysis of the Counts shows that the contention is unsound.

The defendant Ford is named only in Counts 1 and 2. His liability as guardian has already been adjudged in final accountings in the Probate Courts of Maine. Plaintiffs accept these accountings and on the basis of them sue Ford for conversion of fiduciary property. What they will recover if they win will be not the possession of certain fiduciary property but a judgment chargeable against defendant's individual assets. Watkins v. Madison County Trust & Deposit Co., 2 Cir., 24 F.2d 370, 371. Thus this is a suit sounding in tort, not a suit to have an accounting, or to affect the administration of a matter lying within probate jurisdiction, or to achieve an in rem remedy. The action falls well within the doctrines enunciated in Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920, and Waterman v. Canal-Louisiana Bank, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80, and is distinguishable from Kittredge v. Stevens, 1 Cir., 126 F.2d 263 [where accounting in the probate court had not been completed and the federal court was invited into an examination of the general administration of a probate matter], and from Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 [where, if the proceedings were not partly in rem they at least involved questions of administration peculiarly suitable for a probate court]. The complaint against Ford is therefore held not to be demurrable. In so deciding, I do not consider another question which may arise later in this case: that is, whether plaintiffs' cause of action against Ford on account of his alleged misappropriation and maladministration has merged in the decree of the Maine Probate Court so that as against Ford

plaintiffs' remedy is limited to a suit on that Maine judgment. Cf. Pierce v. Irish, 31 Me. 254, 263, 264.

With respect to the defendant surety, the jurisdiction of this Court is even plainer than it is with respect to the defendant Ford. The surety is sued in Counts 2 and 3 as a guardian de son tort, as a joint tort-feasor and as one who negligently guarded and controlled fiduciary property. These allegations present a controversy sounding in tort. And if a judgment were recovered against the surety, it would be payable out of its general funds. There is not the slightest warrant for regarding the case as peculiar to probate jurisdiction or as having any in rem aspect.

Motions to dismiss denied.