**REYNOLDS v. REMICK.**

Civil Action No. 8077;

United States District Court
D. Massachusetts.

Feb. 10, 1949.

Frederick M. Schlater, and Duer & Taylor, both of New York City, and Daniel J. O'Connor, Jr., of Lynn, Mass., for plaintiff.

Lewis L. Wadsworth, Jr., Paul C. Reardon, and Haussermann, Davison & Shattuck, all of Boston, Mass., for defendant.

WYZANSKI, District Judge.

Defendant moves to dismiss this complaint. From its allegations and from the exhibits submitted without objection, the following appears to be the substance of plaintiff's case:

Plaintiff is a citizen of New York; defendant is a citizen of Massachusetts. In 1930 their father died leaving a will

admitted to probate by the Massachusetts Probate Court. Defendant is one of the trustees and beneficiaries under a trust created by that will, and plaintiff is another of the beneficiaries. Included in the trust were an unincorporated department store business and the real property on which it was located.

The trustees proposed first, to organize two corporations, to one of which they would transfer the department store in consideration of all the shares of that corporation and to the other of which they would transfer the realty in consideration of all the shares of that corporation; and second, to have the realty corporation lease the premises for ten years at an agreed rental to the department store corporation. The trustees set forth their plan in a petition filed with the Probate Court October 19, 1938, and assented to by all known beneficiaries, including plaintiff. October 25, 1938, that Court decreed that the trustees "be authorized * * * to cause said department store business and said real estate to be respectively incorporated substantially as set forth in said plan, and thereupon convey * * * the business * * * and the * * * real estate." The decree did not specifically approve the proposed lease described in the petition.

The trustees carried through the plan including the organizing of the two corporations, the transfer of all the shares of each to the trustees, the conveyances of the realty and the business to the two corporations respectively and the execution of the lease by the realty corporation to the department store corporation.

August 1, 1939, the trustees sold to defendant for $4,994 the one thousand shares of the department store corporation. While the complaint and exhibits do not so state, it may parenthetically be noted that apparently defendant simultaneously paid substantial sums to plaintiff and perhaps others. The sale of the one thousand shares to defendant as well as the rent received by the realty company were shown in the first account of the trustees filed with the Probate Court January 18, 1941, and assented to by all known beneficiaries, in-cluding plaintiff. April 14, 1941, the Probate Court allowed the account.

February 1, 1949, the trustees filed in the Probate Court an account covering the period from February 1, 1940, through January 31, 1949. Hearings in that Court are expected to take place in the near future.

The complaint in this Court alleges two causes of action. In the first, it is claimed that defendant dominated the two corporations, that he negotiated the lease, and that the rental thereunder is grossly inadequate. In the second cause of action, it is alleged that defendant has wastefully expended trust money to improve the realty for his own personal benefit and to the damage of the beneficiaries. Plaintiff prays that defendant account for his personal profits derived from the breach of trust, that he cause the lease to be cancelled, that he pay for the fair value of the use of the realty since August 1, 1939 and that he be surcharged with the cost of those improvements of the realty which were made for his benefit.

■ The complaint must be dismissed because it presents charges relating exclusively to that type of administration of and accounting in a probate estate with which federal courts do not intermeddle. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Waterman v. Canal-Louisiana Bank and Trust Co., 215 U.S. 33, 45, 30 S.Ct. 10, 54 L.Ed. 80; Kittredge v. Stevens, 1 Cir., 126 F.2d 263.

■ The chief attack is upon the ten-year lease made in 1938 by a corporation, all the shares of which were owned by testamentary trustees, to another corporation, all the shares of which were then owned by the same trustees. The terms of this lease were disclosed in advance of its execution in the plan set forth in the petition which the trustees filed in the Probate Court October 19, 1938. Perhaps the October 25, 1938, order of the Probate Court should be construed as an approval of the leasing feature of the plan, although admittedly the wording of the decree does not cover the point specifically or even by pecu-

liarly apt general language. However, regardless of whether the order does approve the lease in advance, the lease when made was a purely intra-estate problem of administration. Since the shares of the participating corporations were wholly owned by the trustees, the lease itself did not and could not involve a conversion of trust property by defendant or by anyone else. The case is therefore distinguishable from Watkins v. Madison County Trust & Deposit Co., 2 Cir., 24 F.2d 370, 371 and Wilbur v. Ford et al., D. C. Mass., 81 F.Supp. 641.

When the trustees sold the shares of the department store corporation to defendant, the transaction may or may not have been proper. But the issue of the propriety was an issue of administration of a probate trust. There is nothing that could be called conversion, embezzlement or the like. The issues raised concern defendant's good faith, use or abuse of discretion, fairness of price in the light of the terms of the lease, possible conflicts of interest and like subtle problems of trust administration.

Insofar as the complaint attacks rentals charged by, and expenditures for improvements made by the realty company after defendant on August 1, 1939, acquired the shares of the department store corporation, the problem again is not one of embezzlement or conversion. It turns on subtle problems of fiduciary discretion and administration which are even now about to be considered by the state court which gave its sanction to the appointment of the trustee and which is established for the very purpose of holding to strict account those who operate a res within the exclusive control of that court.

Moreover, even if some of the matters alleged in the complaint were to be regarded as not being issues of administration beyond the jurisdiction of this Court, nonetheless this Court could not re-examine the sale of stock, the rents charged prior to January 31, 1940, or the improvements made prior to that date. Those transactions have already been passed upon by the Probate Court. Its decree of April 14, 1941, approving the trustees' account operated as an approval of the sale of the one thousand shares of department store stock to defendant, of the rentals received by the trustees from the department store corporation up to January 31, 1940, and of the improvements made by the trustees up to that date. Greene v. Springfield Safe Deposit & Trust Co., 295 Mass. 148, 154, 3 N.E.2d 254. That approval was a final adjudication. Mass.G.L. (Ter.Ed.) c. 206, § 24. New England Trust Co. v. Paine, 317 Mass. 542, 547, 59 N.E.2d 263, 158 A.L.R. 262. See 25 Mass. L.Q. No. 3, p. 16. And under familiar principles of res judicata it is binding on this Court. Christianson v. King County, 239 U.S. 356, 373, 36 S.Ct. 114, 60 L.Ed. 327.

Complaint dismissed with costs for want of jurisdiction.