# WATERMAN v. THE CANAL-LOUISIANA BANK AND TRUST COMPANY, EXECUTOR.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 306.   Submitted February 25, 1909.—Decided November 8, 1909.

The equity jurisdiction of the Federal courts is derived from the Federal Constitution and statutes and is like unto that of the High Court of Chancery in England at the time of the adoption of the Judiciary Act of 1789; it is not subject to limitations or restraints by state legislation giving jurisdiction to state courts over similar matters.

While Federal courts cannot seize and control property which is in the possession of the state courts and have no jurisdiction of a purely probate character, they can, as courts of chancery, exercise jurisdiction, where proper diversity of citizenship exists, in favor of creditors, legatees, and heirs, to establish their claims and have a proper execution of the trust as to them.

Although complainant in this case asks in some of her prayers for relief which is beyond the jurisdiction of the court as being of a purely probate character if the allegations of the bill support them the court may grant other prayers for relief which are within its jurisdiction, and, as a court of equity, shape its decree according to the equity of the case.

Where the bill does not seek to set aside the probate of a will or interfere with the possession of the probate court, the Federal court of equity, in a case where diverse citizenship exists, may determine as between the parties before the court their interests in the estate and such decree will be binding upon, and may be enforced against, the executor.

It will be assumed that the state probate court will respect the decree

of the Federal court having jurisdiction settling the rights of parties in an estate, and the denial of effect of such a decree presents a claim of Federal right which can be protected by this court.

While a Federal court of equity cannot, either under the forty-seventh rule in equity or general principles of equity, proceed to adjudication in the absence of indispensable parties, if it can do justice to the parties before it without injury to absent persons it will do so and shape the decree so as to preserve the rights of those actually before the court, without prejudice to the rights of the absentees.

In this case the absent party was not of the same State as complainant and had no interest in common with complainant and while a proper, was not an indispensable party, as his interests were separate and could be protected by retention of his legacy by the executors subject to adjudication in another suit.

THE facts, which involved the jurisdiction of the Circuit Court, are stated in the opinion.

*Mr. E. Howard M'Caleb,* and *Mr. E. Howard M'Caleb, Jr.,* for appellant:

As to the jurisdiction of the Federal court:

Any creditor, heir or legatee who is a citizen of another State has the right to institute his suit in the Federal court against executors and administrators and all other parties interested, who are citizens of the same State as decedent, to determine the validity and extent of his rights and claims in the property of the estate; nor is he deprived of his original right to maintain and to try his suit in the Federal court by his failure to present his claim to the state court as provided by the administration statutes of the State. Here are a few of the authorities: *Suydam* v. *Broadnax,* 14 Pet. 67; *Bank* v. *Vaiden,* 18 How. 503; *Borer* v. *Chapman,* 119 U. S. 587, 588, 589; *Payne* v. *Hook,* 7 Wall. 425, 430; *Lawrence* v. *Neilson,* 143 U. S. 215, 224; *Hayes* v. *Pratt,* 147 U. S. 557, 570; *Hess* v. *Reynolds,* 113 U. S. 73; *Hyde* v. *Stone,* 20 How. 170; *Byers* v. *McAuley,* 149 U. S. 608; *Yonley* v. *Lavender,* 21 Wall. 276; *Green* v. *Creighton,* 23 How. 90.

To sustain appellees' contention that the state court, hav-

ing acquired jurisdiction over the succession, is alone competent to entertain and determine every issue which may arise in the progress of the cause, whether it be as to the construction of the will, the rights of heirs and legatees to the estate, and the claims of creditors which may be asserted against it, whether such parties be citizens of other States or not, until the administration is terminated, the funds distributed and the executor discharged, would be to deny the judicial power of the United States conferred by the Constitution as extending over "*controversies* between citizens of different States" and force such citizens into the state courts in order to have their complaints heard. This is answered by *Buck* v. *Colbath,* 3 Wall. 334, 347; *Watson* v. *Jones,* 13 Wall. 679.

*Farrell* v. *O'Brien,* 199 U. S. 89, is claimed to be decisive against the Federal jurisdiction over this bill, but it can be distinguished as in that case the only question was as to the power of the Circuit Court to annul a will admitted to probate. It was held that, where the laws of a State afforded a remedy by contest in proceedings supplementary to the original probate proceedings, such a contest was not *inter partes,* and hence not within the designation of "a suit at law or in equity." It was further held that, where the construction and effect of the will is wholly subordinate to the sole issue of probate, Federal jurisdiction did not attach under the rule "that no instrument can be effective as a will, no rights in relation to it can arise until preliminary probate has been first made." *Ellis* v. *Davis,* 109 U. S. 485. But here there is no contest over the existence or non-existence of the will, and such a question is, therefore, a moot one. In Louisiana, an action to set aside a will already admitted to probate is strictly and purely an independent action in nullity between parties. Unlike the Washington statutes, involved in *Farrell* v. *O'Brien,* the judgment setting aside the will only binds the parties, inures only to the benefit of the particular contestant, and is *not* operative as to the whole world. *Ellis* v. *Davis,* 109 U. S. 485; *Gaines* v. *Fuentes,* 92 U. S. 10. As to

those not parties, the judgment of probate still stands *prima facie* valid. *Succession of Barker,* 10 La. Ann. 28; *Compton* v. *Prescott,* 12 Rob. (La.) 56; *Ingersoll* v. *Coram,* 211 U. S. 335; *Garzot* v. *DeRubio,* 209 U. S. 283, can also be distinguished.

The modes of the action in nullity may be various, but essentially and in its nature it is one *inter partes,* and if the cause of nullity of a judgment probating a will is not one of form, but one of substance, relating to the merits, then the courts of the United States have jurisdiction where diversity of citizenship exists and state rules on the subject cannot deprive them of it. *Barrow* v. *Hunton,* 99 U. S. 80, 85; *Arrowsmith* v. *Gleason,* 129 U. S. 86, 98; *Johnson* v. *Waters,* 111 U. S. 640, 667. It is, however, out of place to pursue this matter at length, since there is nothing in the case that seeks to set aside the probate of the will. The sole question is: Have the Federal courts jurisdiction to establish a claim or right against and into an estate where the parties are, on one side citizens of one State and on the other citizens of another State? The long line of jurisprudence of this court remains unbroken. The question has been answered in the affirmative.

As to the indispensability of parties:

That the right of action for the establishment of his claim, as well as his interest by an heir is separable from that of his co-heirs is the law of Louisiana. *Tugwell* v. *Tugwell,* 32 La. Ann. 848; *Denbridge* v. *Crawley,* 43 La. Ann. 504; *Glasscock* v. *Clark,* 33 La. Ann. 584; *Burney Heirs* v. *Ludeling,* 41 La. Ann. 627, 632; *Denegre* v. *Denegre,* 33 La. Ann. 689; *Skipwith* v. *Glathary,* 34 La. Ann. 28; Arts. 113 and 120, Code of Practice of Louisiana.

Even if Louisiana jurisprudence cannot be invoked to control the jurisdiction of the Federal court, sitting in equity, nevertheless it should control the question upon which equity jurisdiction as to parties is founded concerning the character of an heir's interest in the estate as *separate* from that of his co-heir. At least, it is persuasive, since it fully accords with

equity jurisdiction as to parties. *Payne* v. *Hook,* 7 Wall. 425, 433; Story's Equity Pleading, 10th ed., §§ 89, 207*a*, 212.

The strict rule as to parties will yield if the court can proceed to decree and do justice to the parties before it without injury to the absentees. Cooper's Eq. Pl. 35; *West* v. *Randall* 2 Massachusetts, 181. In *Minnesota* v. *Northern Securities Co.,* 184 U. S. 199, 235, this court regarded the absent parties as absolutely indispensable to the main cause of action, which is not the case here. See *Payne* v. *Hook,* 7 Wall. 425; *Van Bokellen* v. *Cook,* Fed. Cas. No. 16,831; *Elmendorf* v. *Taylor,* 10 Wheat. 167; *Delaware County* v. *Diebold Safe Co.,* 133 U. S. 473.

Complainant may be required to waive her allegation as to Davis and still the court has jurisdiction. *Northey* v. *Northey,* 2 Arkansas, 77; *S. C.,* 26 Eng. Reprint, 447; *Williams* v. *Williams,* 9 Mod. 299; *S. C.,* 88 Eng. Reprint, 465.

Reservation of Davis' rights need not be made by amendment; the court may modify the decree prayed for to meet it. *Harding* v. *Handy,* 11 Wheat. 103, 132.

*Mr. Wm. C. Dufour, Mr. Edgar H. Farrar, Mr. Jas. McConnell, Mr. Chas. E. Fenner, Mr. Geo. C. Walshe, Mr. Geo. H. Terriberry, Mr. H. Garland Dupre, Mr. S. McC. Lawrason, Mr. Walter Guion, Mr. Victor Leovy, Mr. Pierre Crabites* and *Mr. H. Generes Dufour* for appellees:

No Federal court has jurisdiction to remove an entire succession administration from a state court, as the bill in this case proposes to do. The state court acted first, and, under the law of Louisiana, has the entire estate in its possession and its administration, and it is entitled to proceed with that administration until it shall be completed. If complainant's contention is correct, a non-resident creditor of an estate in the hands of a receiver appointed by a state court can file a suit in a Federal court against the state court receiver, and request the Federal court, not only to pass upon the litigated claim, but further to fix the costs and expenses of the state

court receivership, to determine who were the creditors of the estate, to settle the amount for distribution and the rank and order in which the creditors should be paid, and to direct the receiver to account to the Federal court and not to the state court.

No precedent for this remarkable action can be found. See *Farrell* v. *O'Brien*, 199 U. S. 89, which distinguishes *Byers* v. *McAuley*, 149 U. S. 608; *Lawrence* v. *Nelson*, 143 U. S. 223; *Hayes* v. *Pratt*, 147 U. S. 570.

Under Arts. 133, 134 of the constitution of Louisiana and § 924 of the Code of Peace of that State, *Denegre* v. *Denegre*, 33 La. Ann. 689; *Succession of Burnside*, 34 La. Ann. 728.

See *Westfeldt* v. *Nor. Car. Mining Co.*, 166 Fed. Rep. 706; *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210, as to disinclination of this court to permit Federal courts to interfere with proceedings in state courts and to withdraw questions properly and necessarily involved in proceedings in the state courts.

On the indispensability of parties:

Under *Shields* v. *Barrow*, 17 How. 130; *Garzot* v. *DeRubio*, 209 U. S. 283; *Minnesota* v. *Northern Securities Co.*, 184 U. S. 237; 47th Rule in Equity, Arts. 967, 1014, 1017, Code of Practice of Louisiana, Davis is an absolutely indispensable party and the bill cannot be maintained in any court of equity without him.

MR. JUSTICE DAY delivered the opinion of the court.

This case presents a question of jurisdiction concerning the right of the United States Circuit Court to entertain a certain bill in equity. Frances E. Waterman, wife of Charles A. Crane, a resident of Chicago in the State of Illinois, and a citizen of that State, joined by her husband, also a citizen of Illinois, brought the suit in the United States Circuit Court against the Canal-Louisiana Bank and Trust Company, executor of the last will and testament of Caroline Stannard Tilton, deceased, a citizen of the State of Louisiana and an inhabitant of the East-

ern District of Louisiana, and also against the Charity Hospital of New Orleans, St. Ann's Asylum, Protestant Episcopal Orphan Asylum, Home for Incurables, Christian Woman's Exchange, State Insane Asylum of Jackson, Louisiana; City of New Orleans and Louisiana Retreat, conducted by the Society of the Daughters of St. Vincent de Paul, all and each of them being institutions established under the laws of Louisiana and citizens of the State of Louisiana, and inhabitants of the Eastern District of Louisiana; also against Robert Waterman and Frederick Waterman, citizens of the State of Louisiana and inhabitants of the Eastern District thereof. The bill set forth in substance: That Caroline Stannard Tilton, widow of Frederick W. Tilton, late of the city of New Orleans, duly made and published her last will and testament and codicils thereunto annexed, and by said will and codicils said Caroline Stannard Tilton gave and bequeathed to Robert Waterman the sum of $3,000; to the said Robert Waterman and his wife, fifteen premium bonds; to Frederick Waterman $3,000; to Frederick Tilton Davis, $1,000, and the whole series of No. 5,963 premium bonds. That the said Caroline Stannard Tilton departed this life on or about the sixth of July, 1908; that the Canal-Louisiana Bank and Trust Company, executor in said will named, duly proved the same in the court of probate jurisdiction in and for the Parish of Orleans in the State of Louisiana, and undertook the executorship thereof, and possessed itself of the personal estate and effects of the said testatrix to a very considerable amount, and more than sufficient to discharge her just debts, funeral expenses and legacies.

The complainant further avers that she is the sole surviving niece, and that Robert and Frederick Waterman and Frederick Tilton Davis are the sole surviving nephews of said Caroline Stannard Tilton, and that there are no other persons within the nearest degree of kinship of the said testatrix; and that the said Frederick Tilton Davis resides in the State of Alabama, outside of the court's jurisdiction.

She avers that the said Robert Waterman, Frederick Water-

man and Frederick Tilton Davis, legatees in said will, became entitled to have and receive their said respective legacies, and did receive the same, and accordingly, by receiving said bequests have renounced the succession of said Caroline Stannard Tilton, deceased, and by taking said legacies have renounced all their rights as heirs at law, and are estopped and debarred from claiming any portion of the estate undisposed of, because of certain provisions of the will, which are set forth in the bill.

It is further averred by the complainant that by reason of the renunciation and estoppel of said legatees the complainant remains the sole heir at law of Caroline Stannard Tilton, and, as such, is entitled to the shares which would have gone to Frederick and Robert Waterman and Frederick Tilton Davis, of the same degree and collateral line, by right of accretion.

She further avers that said will bequeathed to the Charity Hospital of New Orleans, $2,000; St. Ann's Asylum, $2,000; Protestant Episcopal Orphan Asylum, $2,000; Home for Incurables, $2,000; Home for Insane, $3,000, and to the Christian Woman's Exchange, $1,000; and that after satisfaction of the foregoing special legacies and bequests, and after payment of all costs and expenses of settlement of the estate, if any remained thereof undisposed of, the testatrix willed and directed that such residue should be divided between the beneficiaries of the charitable bequests heretofore made to the various institutions, the divisions to be made *pro rata* in proportion to the amount of special legacies already made to them, respectively. She avers that at the time of making said will, and at the time of the death of said testatrix, there was no such institution or corporation in existence known as Home for Insane, nor was the testatrix capable of incorporating any such institution under her will; and that said special legacy for $3,000, and the *pro rata* share of the residue remained undisposed of because of the facts stated, and thereby the sum of $3,000 and the *pro rata* share of the proportion of the estate undisposed of devolved upon the complainant as sole legal heir and next of kin to said Caroline Stannard Tilton. And it was averred that

the Christian Woman's Exchange was not entitled to share in the residue, because the bequest to it of $1,000 was not a charitable bequest, and the said Christian Woman's Exchange was not one of the institutions mentioned in the will to share in the residue.

Complainant states that the insane asylum situated at Jackson, Louisiana, the Louisiana Retreat, conducted by the Society of the Daughters of Charity of St. Vincent de Paul, and the city of New Orleans claim and assert their right to take and receive the amount of said lapsed and caducous legacies, asserting that the testatrix intended them as beneficiaries of her bounty, and as particular legacies under her will, instead of the Home for Insane. And the plaintiff denies, for reasons stated in the bill, that either of them is entitled to receive such legacies intended for the Home for Insane, and she charges that the amount falling to her as sole legal heir and next of kin, because of her right to the lapsed legacies bequeathed to the non-existing Home for Insane's share in the residue, together with that part and proportion of the estate accessory and appurtenant thereto, exceeds the sum of $90,000, which she is entitled to out of the estate. She charges that the estate, after payment of the special legacies, charges and costs of administration, will amount to more than a residue of $350,000. She charges that the executor refuses to do or make any satisfaction whatever in respect to her just demands, and the complainant avers that she has no sufficient remedy under the rules of common law, and must resort to a court of equity for adequate relief. And the prayer of the bill is:

"Wherefore, your oratrix prays that this court do order, adjudge and decree (1) that the particular legacy contained in the last will and testament of Caroline Stannard Tilton, deceased, to so-called 'Home for Insane,' and also the interest of said legatee in the residue or residuum of said testatrix's estate, be declared caducous, to have lapsed, because of the uncertainty and non-existence of said legatee; (2) that it be further declared and decreed that Robert Waterman and Fred-

erick Waterman have renounced and abandoned all their right,
title and interest as heirs of said Caroline Stannard Tilton,
deceased, in the said lapsed and caducous legacy made in fa-
vor of the so-called 'Home for Insane;' (3) that it be further
adjudged and decreed that your oratrix, as the nearest sole
heir and next of kin of said Caroline Stannard Tilton, deceased,
capable of inheriting, is alone entitled to the amount of the
caducous and lapsed special legacy bequeathed to the said so-
called 'Home for Insane,' for the sum of three thousand dollars
($3,000.00), and to the proportionate share of said non-existing
and uncertain legatee in the residue of the estate of said Caro-
line Stannard Tilton, and that the Canal-Louisiana Bank &
Trust Company, executor of said deceased, Caroline Stannard
Tilton, be condemned to pay over and deliver to your oratrix
the whole amount of said caducous, special legacy, together
with the proportionate share and interest of said so-called
'Home for Insane' in the residue of the estate of said de-
ceased remaining after the payment of the particular legacies
and the costs of administration of her estate, and for such fur-
ther sum as the court may find to be justly due and owing unto
your oratrix as legal heir and next of kin of the said Caroline
Stannard Tilton; (4) and that it be further ordered and decreed
that the Christian Woman's Exchange is not a charitable in-
stitution or entitled as such under said will to participate or re-
ceive any share or portion of the residue of the estate of said
deceased; (5) and that an account be taken of the personal es-
tate and effects of the said testatrix coming to the hands of
the said executor, or of any person or persons by its order or
for its use, and also of the said testatrix's funeral expenses,
debts, legacies and costs of administration, and especially
showing the residue remaining in the hands of the said execu-
tor after making the aforesaid deduction, and that the same
may be applied in due course of administration, and that for
these purposes proper directions may be given.

"And your oratrix further prays for all general and equitable
relief, as well as all costs."

From an early period in the history of this court cases have arisen requiring a consideration and determination of the jurisdiction of the courts of the United States to entertain suits against administrators and executors for the purpose of establishing claims against estates, and to have a determination of the rights of persons claiming an interest therein.  And this court has had occasion to consider how far the jurisdiction in equity of the courts of the United States in such matters may be affected by the statutes of the States providing for courts of probate for the establishment of wills and the settlement of estates.  We will not stop to analyze or review in detail all these cases, as they have been the subject of frequent and recent consideration in this court.  The general rule to be deduced from them is that, inasmuch as the jurisdiction of the courts of the United States is derived from the Federal Constitution and statutes, that in so far as controversies between citizens of different States arise which are within the established equity jurisdiction of the Federal courts, which is like unto the High Court of Chancery in England at the time of the adoption of the Judiciary Act of 1789, the jurisdiction may be exercised, and is not subject to limitations or restraint by state legislation establishing courts of probate and giving them jurisdiction over similar matters.  This court has uniformly maintained the right of Federal courts of chancery to exercise original jurisdiction (the proper diversity of citizenship existing) in favor of creditors, legatees and heirs to establish their claims and have a proper execution of the trust as to them.  In various forms these principles have been asserted in the following, among other cases: *Suydam* v. *Broadnax*, 14 Pet. 67; *Hyde et al.* v. *Stone*, 20 How. 170, 175; *Green's Ad.* v. *Creighton et al.*, 23 How. 90; *Payne* v. *Hook*, 7 Wall. 425; *Lawrence* v. *Nelson*, 143 U. S. 215; *Hayes* v. *Pratt*, 147 U. S. 557, 570; *Byers* v. *McAuley*, 149 U. S. 608; *Ingersoll* v. *Coram*, 211 U. S. 335.

The rule stated in many cases in this court affirms the jurisdiction of the Federal courts to give relief of the nature stated,

notwithstanding the statutes of the State undertake to give to state probate courts exclusive jurisdiction over all matters concerning the settlement of accounts of executors and administrators in the distribution of estates. This rule is subject to certain qualifications, which we may now notice. The courts of the United States, while they may exercise the jurisdiction, and may make decrees binding upon the parties, cannot seize and control the property which is in the possession of the state court. In *Byers* v. *McAuley, supra,* the rule was thus tersely stated by Mr. Justice Brewer, delivering the opinion of the court:

"A citizen of another State may establish a debt against the estate. *Yonley* v. *Lavender,* 21 Wall. 276; *Hess* v. *Reynolds,* 113 U. S. 73. But the debt thus established must take its place and share of the estate as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent. *Yonley* v. *Lavender, supra.* In like manner a distributee, citizen of another State, may establish his right to a share in the estate, and enforce such adjudication against the administrator personally, or his sureties (*Payne* v. *Hook,* 7 Wall. 425); or against any other parties subject to liability (*Borer* v. *Chapman,* 119 U. S. 587), or in other way which does not disturb the possession of the property by the state court. (See the many cases heretofore cited.)"

In a late case, where the subject was given consideration in this court (*Farrell* v. *O'Brien,* 199 U. S. 89) while the rule of the earlier cases was stated and their binding force admitted, it was laid down that the Circuit Court of the United States could not entertain jurisdiction of a bill to set aside the probate of a will in the State of Washington, because by the statutes of that State the proceeding was one purely *in rem* and not a suit *inter partes,* sustainable in a court of equity. That case recognized what previous cases had held, that in proceedings purely of a probate character there was no jurisdiction in the Federal courts. This was in harmony with the rule

theretofore laid down in *Byers* v. *McAuley, supra,* in which it was held that the Federal court could not exercise original jurisdiction to draw to itself the entire settlement of the estate of the decedent and the accounts of administration, or the power to determine all claims against the estate. But it was there decided that a Circuit Court of the United States could entertain jurisdiction in favor of citizens of other States to determine and award by decrees binding *in personam* their shares in the estates.

In view of the cases cited, and the rules thus established, it is evident that the bill in this case goes too far in asking to have an accounting of the estate, such as can only be had in the probate court having jurisdiction of the matter; for it is the result of the cases that in so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with. It is also true, as was held in the court below in the case at bar, that the prior possession of the state probate court cannot be interfered with by the decree of the Federal court. Still, we think there is an aspect of this case within the Federal jurisdiction, and for which relief may be granted to the complainant, if she makes out the allegations of her bill under the other prayers, and the prayer for general relief therein contained. Under such prayer a court of equity will shape its decree according to the equity of the case. *Walden* v. *Bodley,* 14 Pet. 156, 164.

The complainant, a citizen of a different State, brings her bill against the executor and certain legatees named, who are likewise citizens of another State, and are all citizens of Louisiana, where the bill was filed, except one, who was beyond the jurisdiction of the court, and for the reasons stated in her bill she asks to have her interest in the legacy alleged to be lapsed and the residuary portion of the estate established.

This controversy is within the equity jurisdiction of the courts of the United States as heretofore recognized in this

court, and such jurisdiction cannot be limited or in anywise curtailed by state legislation as to its own courts. The complainant, it is to be noted, does not seek to set aside the probate of the will which the bill alleges was duly established and admitted to probate in the proper court of the State.

The United States Circuit Court, by granting this relief, need not interfere with the ordinary settlement of the estate, the payment of the debts and special legacies, and the determination of the accounts of funds in the hands of the executor, but it may, and we think has the right to determine as between the parties before the court the interest of the complainant in the alleged lapsed legacy and residuary estate, because of the facts presented in the bill. The decree to be granted cannot interfere with the possession of the estate in the hands of the executor, while being administered in the probate court, but it will be binding upon the executor, and may be enforced against it personally. If the Federal court finds that the complainant is entitled to the alleged lapsed legacy and the residue of the estate, while it cannot interfere with the probate court in determining the amount of the residue arising from the settlement of the estate in the court of probate, the decree can find the amount of the residue, as determined by the administration in the probate court in the hands of the executor, to belong to the complainant, and to be held in trust for her, thus binding the executor personally, as was the case in *Payne* v. *Hook*, 7 Wall. 425, *supra*, and *Ingersoll* v. *Coram*, 211 U. S. 335, *supra*.

It is to be presumed that the probate court will respect any adjudication which might be made in settling the rights of parties in this suit in the Federal court. It has been frequently held in this court that a judgment of a Federal court awarding property or rights, when set up in a state court, if its effect is denied, presents a claim of Federal right which may be protected in this court.

The Circuit Court in this case construed the bill, in view of its broad prayer for relief, as one which undertook to take the

entire settlement of the estate from the hands of the probate court, and denied the jurisdiction of the Circuit Court of the United States in the premises.  We are of opinion that, to the extent stated, the bill set up a valid ground for relief, and, while all that it asks cannot be granted, enough was stated in it to make a case within the jurisdiction of the Federal courts within the principles we have stated.

At the last term of the court counsel in this case were invited to file, on or before the first day of the present term of court, briefs upon the question whether Frederick Tilton Davis, averred in the bill to be a resident of the State of Alabama and outside of the jurisdiction of the court, is an indispensable party to the suit, and in his absence a dismissal of the cause required for want of jurisdiction in the court to proceed without him.  These briefs have been filed and we come now to consider this branch of the case.  In so doing it is essential to remember that the complainant's cause of action is primarily against the executor of the estate for a decree against it concerning the right of the complainant to recover because of the alleged lapse of the legacy to the Home for the Insane, and the consequent increase in the residuary portion of the estate to be distributed to the heirs of Mrs. Tilton because of the allegations contained in the bill.  The Watermans and Davis are made parties to the bill, and asked to be excluded from a participation in the recovery because of the alleged renunciation of their rights in the succession to Mrs. Tilton.  If it shall be found that they have not thus renounced their interest, and a decree be rendered in complainant's favor, they are entitled to participate in the recovery.  They have no interest in common, however, with the complainant, and the shares of the complainant and other heirs are separate and distinct.  The question is, therefore, Is Davis an indispensable party to this suit, his absence creating a want of jurisdiction in the Federal court to proceed without him?

Section 737 of the Revised Statutes of the United States provides:

"When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer."

To the same effect is the forty-seventh equity rule. This statute and rule permit the court to proceed with the trial and adjudication of the suit, as between parties who are properly before it, and preserves the rights of parties not voluntarily appearing, providing their rights are not prejudiced by the decree to be rendered in the case. This rule has been said to be declaratory of the already-established equity practice. *Shields v. Barrow*, 17 How. 130; 1 Street's Federal Equity Practice, § 533, and cases there cited. This rule does not permit a Federal-court to proceed to a decree in that class of cases in which there is an absence of indispensable, as distinguished from proper, or even necessary parties, for neither the absence of formal, or such as are commonly termed necessary parties, will defeat the jurisdiction of the court; provided, in the case of necessary parties, their interests are such and so far separable from those of parties before the court, that the decree can be so shaped that the rights of those actually before the court may be determined without necessarily affecting other persons not within the jurisdiction. After pointing out that there may be formal parties, of whose omission the court takes no account, Mr. Justice Miller, in delivering the opinion in *Barney v. Baltimore*, 6 Wall. 280, went on to say:

"There is another class of persons whose relations to the suit are such that if their interest and their absence are formally brought to the attention of the court, it will require them to be made parties, if within its jurisdiction, before deciding the case. But if this cannot be done, it will proceed to

administer, such relief as may be in its power between the parties before it. And there is a third class whose interests in the subject-matter of the suit and in the relief sought are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit when these parties cannot be subjected to its jurisdiction."

The relation of an indispensable party to the suit must be such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of such absent party. 1 Street's Fed. Equity Practice, § 519.

If the court can do justice to the parties before it without injuring absent persons it will do so, and shape its relief in such a manner as to preserve the rights of the persons not before the court. If necessary, the court may require that the bill be dismissed as to such absent parties, and may generally shape its decrees so as to do justice to those made parties, without prejudice to such absent persons. *Payne* v. *Hook,* 7 Wall. 425.

Applying these principles to the case at bar we are of opinion that the presence of Frederick T. Davis as a party to the suit is not essential to the jurisdiction of the Federal court to proceed to determine the case as to the parties actually before it. In other words, that while Davis is a necessary party in the sense that he has an interest in the controversy, his interest is not that of an indispensable party without whose presence a court of equity cannot do justice between the parties before it, and whose interest must be so affected by any decree to be rendered as to oust the jurisdiction of the court.

With the parties before it the court may proceed to determine whether, because of the acts alleged in the bill, the heirs-at-law of Mrs. Tilton were entitled to recover because of the lapsed legacy. If it finds the issue in favor of the complainant, it may proceed to determine the proportion in which the com-

plainant and the Watermans are entitled to share, without prejudice to the rights of Davis. It may direct the retention of his share in the hands of the executors, to be adjudicated in some other suit, or may otherwise shape its relief so as to do justice to the parties before the court without affecting his interest.

Upon the whole case we are of opinion that the Federal court has jurisdiction for the purpose of ascertaining the rights of the complainant to recover as against the executor, and the interest of the persons before the court in the fund. While the court could make no decree which would interfere with the possession of the probate court, it had jurisdiction to entertain the bill and to render a judgment binding upon the parties to the extent and in the manner which we have already stated. We are, therefore, of the opinion that the court below erred in holding that there was no jurisdiction to entertain this suit, and the decree is reversed and the cause remanded to the Circuit Court of the United States for the Eastern District of Louisiana for further proceedings in accordance with this opinion.

MR. JUSTICE WHITE dissents.