### J. ELWOOD LEE CO. v. GRACE HOSPITAL.

(District Court, D. Massachusetts. July 18, 1913.)

No. 247 (C. C. 840).

1. COURTS (§ 264*)—JURISDICTION OF FEDERAL COURTS—ANCILLARY PROCEEDING.

Independently of diverse citizenship, amount involved, or federal question, a federal court has jurisdiction of a proceeding by its receiver to collect a claim; the proceeding being ancillary.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. § 264.*]

2. COURTS (§ 505*)—JURISDICTION OF FEDERAL COURTS—CLAIM AGAINST DECEDENT'S ESTATE.

A federal court has jurisdiction to adjudicate a claim against executors for a legacy of a definite amount, which they have refused to pay, notwithstanding administration of the estate is proceeding in a probate court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1410; Dec. Dig. § 505.*]

3. EXECUTORS AND ADMINISTRATORS (§ 314*)—ACTION FOR LEGACY—GROUND FOR DISMISSAL.

That the assets of a decedent's estate, administration of which is proceeding in a probate court, are insufficient to pay all legacies in full, affords no reason for a federal court dismissing or declining to proceed on a petition against the executors on a claim for a legacy which they have refused to pay, where the amount available for legacies has been ascertained, though this may be available as part of the defense.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1274–1297; Dec. Dig. § 314.*]

4. EXECUTORS AND ADMINISTRATORS (§ 314*)—ACTION FOR LEGACY—PARTIES.

Where the amount available for legacies has been ascertained, the fact that the assets of a decedent's estate, administration of which is proceeding in a probate court, are insufficient to pay all legacies in full, does not require the other legatees to be made parties to a proceeding in a federal court against the executors for a legacy which they have refused to pay.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1274–1297; Dec. Dig. § 314.*]

In Equity. Bill by the J. Elwood Lee Company against the Grace Hospital. On motion to dismiss, and plea in abatement of receivers' petition, filed September 3, 1912, against executors of will of Annie Preston Lincoln and others. Motion denied, and plea overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Adams & Blinn, of Boston, Mass., for complainant.

Frank W. Knowlton, of Boston, Mass., for defendant.

Stimson, Stockton, Livermore & Palmer, of Boston, Mass., for Edw. Friebe, Abbey F. Friebe and the State Street Trust Co.

H. C. Dunbar, of Boston, Mass., for Jacob Snyder.

James M. Swift, Atty. Gen. of Massachusetts, pro se.

DODGE, Circuit Judge. In this case receivers were appointed March 24, 1911, upon a creditors' bill, and were authorized to take possession of the respondent's property, conduct its business until the further order of the court, and collect its assets. The bill prayed for the application of its assets, under the direction of the court, to the payment of its debts.

On September 3, 1912, the receivers filed the petition above referred to under authority from the court. Their petition alleges that among the respondent's assets is a claim to a legacy of $25,000 under the will of Annie Preston Lincoln, late of Boston, and that the executors have paid over to them $10,000 on account of said legacy, but refuse to pay over the remainder without security to hold them harmless, and question their right to the remainder. Alleging, further, that the amount is needed for the administration of the respondent's assets as directed by the court, they ask the court to decree that they are now entitled to the remainder, and order the executors to pay it over to them forthwith. The executors have moved to dismiss the petition, for the reason:

"That the probate court for the county of Suffolk, commonwealth of Massachusetts, acting under a petition for the probating of the will of said Annie Preston Lincoln, filed May 10, 1910, and allowed May 26, 1910, has already taken jurisdiction of the will and estate of said Annie Preston Lincoln and of the payment of the bequests thereunder, and the settlement of the estate in that court is still pending."

They have also filed a so-called "plea in abatement" to the petition, in which they allege that:

"The estate of Annie Preston Lincoln has been and is insufficient to pay in full all legatees under said will, and that, therefore, every such legatee is a party in interest to this proceeding, and should have been made a party respondent thereto."

[1] The questions thus raised have been submitted upon facts agreed by the parties. There can be no question as to the jurisdiction of the court, independently of diverse citizenship, amount involved, or federal question; the proceeding against the executors being ancillary to the suit in which it is brought. The executors, indeed, have not properly questioned the jurisdiction. Their motion to dismiss represents only that the court should not take jurisdiction; and, although it is said in the agreed statement of facts that they have appeared specially, this statement is not borne out by the records, which contain a general appearance on their behalf without reservation.

[2] While the court might, in its discretion, decline jurisdiction, the motion to dismiss sets forth no sufficient reason for doing so. The fact that the will has been proved and administration of the estate is.

proceeding in the probate court is no objection to the jurisdiction of this court over a claim against the executors for a legacy of definite amount which they have refused to pay. While this court has no jurisdiction to determine matters purely of administration, it may adjudicate the claim against the estate. Waterman v. Canal &c. Co., 215 U. S. 33, 45, 30 Sup. Ct. 10, 54 L. Ed. 80; Northrup v. Browne (C. C. A.) 204 Fed. 224, 229, 230. The petition does not ask or require the court to interfere with the probate administration of the estate or the settlement of the executors' probate accounts.

[3] As to the "plea in abatement," the agreed statement of facts sets forth that the assets of the estate are insufficient to pay all legacies in full, after payment of debts and administration charges. But it sets forth, also, that the amount available for legacies has been ascertained, and the computation of the amount payable upon them, pro rata, may easily be made. These facts afford no reason for dismissing the petition, or declining to proceed upon it, though they may be available to the executors as part of their defense.

[4] Nor do these facts require the joinder, as parties, of all other legatees named in the will. "But where a legatee sues for a specific legacy, or for a sum certain on the face of the will, it is not in general necessary that other legatees should be made parties." Story, J., in West v. Randall et al., 2 Mason, 181, 192, Fed. Cas. No. 17,424. See, also, Glover v. Patten, 165 U. S. 394, 402, 403, 17 Sup. Ct. 411, 41 L. Ed. 760.

The motion to dismiss is denied, and the plea overruled.