# MANUELA MANRIQUE DE LARA DE GARROSI, Plff.,

*v.*

## TOMAS GARROSI ET AL., Dfts.

San Juan, Equity, No. 958.

MOTION TO DISMISS, ETC.

DEPOSITIONS—NOTICE OF TAKING.

1. When an order of the court, issued on application of the plaintiff, authorized the examination of defendant upon commission and no notice was given as required by a rule of court, the appearance of the defendant in opposition cured the defect.

Depositions—Time of Taking.

2. Whether or not a deposition shall be taken before a case is at issue, is a matter within the discretion of the court.

Suit by Married Woman.

3. In Porto Rico a married woman may sue in her own name when the suit relates to her separate property or to her personal rights against her husband, and while equity has in many respects a different procedure from the local law courts, such a fundamental principle as to how a married woman should sue will conform to the local law.

Equity—Suit Pending in Another Court.

4, 5. Where defendant made a motion to dismiss on the ground that the issues raised in the bill were pending in another court which is a court of law, but it appeared that there had been a long series of fraudulent transactions by which the defendant had put his property beyond the reach of the said court, *held* that a court of equity will not wait until the remedy at law has been exhausted but will lend its aid for the discovery and preservation of assets which may become important in the suit pending in the other suit, though it cannot render a decree on the merits.

Opinion filed July 20, 1915.

Garrosi v. Garrosi.

*Mr. F. H. Dexter* for plaintiff.

*Mr. José Poventud* for defendants.

HAMILTON, Judge, delivered the following opinion:

This cause comes on to be heard upon two motions, the one for reconsideration of an order of this court July 14, as to examination of defendant Garrosi, and the other a motion to dismiss the bill in effect for want of equity.

1. The order of July 14 authorizing the examination of the defendant by deposition is objected to because it is alleged to infringe rule 43 of this court. That rule refers to the taking of depositions of witnesses orally, upon commission ordered by the court upon reasonable notice of the motion. There was no notice in this case. In effect, however, this is cured by the appearance of the defendant in opposition, and it amounts to acceptance of service. He thereby acquires all the rights to oppose the order which he would have had if he had been notified in advance. It would, therefore, be error without injury.

2. It is also set up, however, that new equity rule 47 prescribed by the Supreme Court limits the deposition to sixty days from the time that the cause was at issue, and that there is no good cause shown for taking the deposition. The rule, however, does not say that the deposition must be taken sixty days from the time the cause is at issue, but is to be construed as giving the sixty days as a limit. This does not prevent its being taken for proper reasons even before the cause is at issue at all. The object of the new equity rules was not to

trammel the trial of cases, but to facilitate causes. It may
well be that a deposition should be taken for good reason before
the cause is at issue, and it will not do to say that the court
is powerless to direct this. The real question is one for the
discretion of the court. In this case it was shown by affidavit
that the party was aged, was about to leave the Island, and
the judge of this court will soon leave the Island on a vaca-
tion. No affidavit has been filed in rebuttal of these facts,
although they are partially denied upon argument. The court
does not see that any injury can come to the defendant from
such an examination. He is required to answer the bill itself
within a short time, and the examination must, like the an-
swer, also be limited to the allegations of the bill. That the
witness is a party is not material. He is not proposed to be
examined so much as a party as a witness, and as a witness
he will come under the same rules with other witnesses. Even
as a defendant he would be subject to examination upon oath
as to all matters well pleaded in the bill. Bates, Fed. Eq. Proc.
§ 118. The motion to reconsider must, therefore, be denied.

3. The motion to dismiss the bill is made on several grounds.
The first is that the suit is brought by a married woman in
*propria persona* when she should appear by *guardian ad litem*
or *prochein ami*. Under no circumstances would she sue by
*guardian ad litem*. A *guardian ad litem* is ordinarily appoint-
ed to defend a suit, not to bring one. Under the old equity
practice a married woman could only sue by *prochein ami,* but
this rule has been changed by many of the states when the
suit relates to her separate property or to her personal rights
against the husband. In Porto Rico it would seem that, while
equity has in many respects a different procedure from the

Garrosi v. Garrosi.

local law courts, still such fundamental principles as how a married woman should sue ought to conform to the local law. It is not necessary to say that a suit by a next friend would be improper, but under § 54 of the Code of Civil Procedure and §§ 160 and 161 of the Civil Code, husband and wife are recognized as having different and even opposing interests, as to which they can sue alone.

Code of Civil Procedure: "Sec. 54. When a married woman is a party, her husband must be joined with her, except:

"1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue or be sued alone.

"2. When the action is between herself and her husband, she may sue or be sued alone.

"3. When she is living separate and apart from her husband, by reason of his desertion of her, she may sue or be sued alone."

Civil Code: "Sec. 160. The husband and wife shall have the right to manage and freely dispose of their respective separate estates."

Civil Code: "Sec. 161. The wife may contract, and appear in court, in all cases referring to the defense of her own rights and property, to the discharge of the *patria potestas,* guardianship or administration conferred on her by the law, and to the exercise of a profession, employment or occupation."

The new equity rules do not seem to cover the subject, and it will, therefore, be decided independently. One of the objects of the new rules is expressed in rule 18, where it is said that "unless prescribed by statute or these rules, the technical forms of pleading in equity are abolished."

### Garrosi v. Garrosi.

4. Another ground of the motion to dismiss is that it is said that amended bill raises issues already pending in a court of competent jurisdiction, that is to say, the district court of Ponce, for divorce and the liquidation of the assets of the conjugal partnership. The plaintiff alleges that she has an interest in the property of the defendant Tomas Garrosi, not only upon the liquidation of the conjugal partnership, but also as a claimant of present alimony. Equity will protect a wife's interest in all proper cases. Crane v. Morris, 6 Pet. 598, 8 L. ed. 514; Barber v. Barber, 21 How. 582, 16 L. ed. 226.

Alimony is provided in §§ 168 and 177 of the Civil Code of Porto Rico, as follows:

"Sec. 168. If the wife have not sufficient means to provide for her maintenance during the suit, the district court shall order the husband to pay her a sum for her separate maintenance in proportion to his means."

"Sec. 177. If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the district court may allow her, in its discretion, an alimony out of the property of her divorced husband, which alimony shall not exceed one-third of his income."

Alimony may be allowed in a suit for the liquidation of the community property. Garrozi v. Dastas, 204 U. S. 64, 51 L. ed. 369, 27 Sup. Ct. Rep. 224.

The suit at bar seems to be brought in aid of that in the local court. Perhaps it is not so much ancillary to the local suit as supplemental, in that it sets up a long series of fraudulent transactions which, it is claimed, put the title to Garrosi's property beyond the reach of the local court, while, nevertheless, the transactions can be unraveled, and the property dis-

covered in a suit in equity. The remedies of a court of equity are not taken away by the fact that a local suit is for probate purposes, or that it is otherwise covered by local statutes. Equity retains its original jurisdiction for discovery or similar relief, regardless of local practice. Hess v. Reynolds, 113 U. S. 73, 28 L. ed. 927, 5 Sup. Ct. Rep. 377; Waterman v. Canal-Louisiana Bank & T. Co. 215 U. S. 33, 54 L. ed. 80, 30 Sup. Ct. Rep. 10. In such a case it is not necessary for a court of equity to wait until the remedy at law has been exhausted. That would in many cases be a denial of any remedy at all. By the time a lawsuit is finished, the assets very often are finished also. If this were law, the more fraudulent the act, the more a defendant might be protected.

5. This substantially covers also the third ground of the motion to dismiss, that is, that the plaintiff is a married woman, and has no right to assail conveyances by her husband, and that her rights have not been established at law. It is true that the earnings belong to husband and wife, and shall be divided upon the dissolution of the marriage. Civil Code, § 1310. The Civil Code, of course, governs questions as to ganancial property, at law and in equity. Monroig v. Parker, 6 Porto Rico Fed. Rep. 595. There can be no liquidation of the community property until divorce, even if the husband is extravagant. Garrozi v. Dastas, supra. But these are questions for the local court in the course of the suit now before it. This court is not concerned with settling when or how the plaintiff shall receive any funds from her husband. The wife's interest in the husband's property under the allegations of the bill at bar is more than an expectancy. It may be inchoate, but it exists. In such a case as the one before

Garrosi v. Garrosi.

the court, it is not necessary for the wife first to establish her claim at law. All that is necessary is that she have a suit pending at law for the purpose of establishing the claim. Under such circumstances a court of equity will lend its aid for the discovery and preservation of assets which may become important in the other suit, even though it cannot render any decree on the merits of the rights themselves.

The motion to dismiss is, therefore, denied. It is so ordered.