RYAN v. KELSEY.

(Circuit Court of Appeals, Third Circuit. July 28, 1919.)

No. 2434.

EXECUTORS AND ADMINISTRATORS ☞439—SUIT ON BEHALF OF ESTATE—PARTIES.

A suit in equity for an accounting for property wrongfully withheld from an estate cannot be maintained by a creditor alone, but the legal representative of the decedent is an indispensable party.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Suit in equity by William Ryan against Sarah H. Kelsey. Decree for defendant, and complainant appeals. Affirmed.

E. A. Merrill, of Westfield, N. J., for appellant.
Conover English, of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

WOOLLEY, Circuit Judge. In August, 1912, Equitable Life Assurance Society issued to David T. Finnie a policy of life insurance for $5,000 on an annual premium of $159.55. Finnie paid the first and second premiums and enough of the third to keep the policy alive until January 20, 1915. Until payment of the balance of the third premium on this date, the policy had no surrender value and was not entitled to participate in dividends; and unless full payment of the third premium were made on this date the policy lapsed. On payment of the balance of the premium, the policy acquired a surrender value of $190.

The insured, being unable to pay the premium and longer to carry the policy, offered to dispose of it to Sarah H. Kelsey, the defendant below, for a sum sufficient to pay the balance of the premium of $120 and to yield him $95. Kelsey accepted the offer. The transaction was completed by an assignment of the policy under circumstances which raised the question in this suit, whether the assignment of the policy was made as collateral security for a loan of $215—$120 premium balance and $95 cash—or was absolute and was made for the outright sale of the policy in consideration of the money that passed.

The annual premiums subsequently maturing were paid by Kelsey until 1917, when Finnie died. Thereupon, Kelsey proved the death of the insured and collected from the Society the principal of the policy.

Nelle E. Finnie, the widow of the insured, was in due course granted letters of administration of the estate of her husband. William Ryan, a creditor of the insured, and later the complainant in this action, instituted suit in a state court and recovered judgment against the administratrix, execution on which was returned unsatisfied. Ryan, a citizen of the State of New York, singly and alone,

filed a bill of complaint against Sarah H. Kelsey, a citizen of New Jersey, in the District Court of the United States for the District of New Jersey, to enforce his judgment, subsequently joining Nelle E. Finnie, as co-complainant, not in her capacity of administratrix, but "as sole distributee" of her husband's estate.

The scope of the bill of complaint is disclosed by its prayer, which is, in substance, that the assignment of the policy be declared to be a security only for such sums as the defendant advanced to the insured during his lifetime, together with interest thereon; that the defendant be declared a trustee of the balance of the insurance moneys for the benefit of the estate of the insured, and that the defendant make an accounting of this trust to Nelle E. Finnie, the administratrix, and pay over to her as administratrix the balance which such accounting shall show remains in her hands, with interest.

Aside from answering the complainant's bill on the merits, the defendant challenged the right of Ryan, as creditor of the insured, to maintain this action on behalf of the estate of the insured, and also the right of Nelle E. Finnie to maintain this action as distributee of the estate, and challenged also the jurisdiction of the court on the ground that Nelle E. Finnie, in her capacity of administratrix, is a necessary party, and that, being also a citizen of New Jersey, her joinder would instantly oust the court of jurisdiction for lack of diversity of citizenship. The cause coming on to be heard, the court dismissed the bill on two grounds:

"First, that the administratrix was a necessary party, and that if she be made a party there would be a lack of diversity of citizenship; second, that the evidence would not justify the changing of the assignment (which was absolute in its terms) into a collateral one."

We refer to Finnie's Adm'x v. Walker and Morrow, 257 Fed. 698, —— C. C. A. ——, a case involving other insurance transactions of the same David T. Finnie and cited by both parties as sustaining their respective contentions, merely to dispose of it in a manner that will make certain that the decision in the instant case does not disturb that decision. That case, brought on other policies of insurance issued to the same insured and decided by the District Court of the United States for the Southern District of New York adversely to the plaintiff, prior to the argument before us, was cited by the defendant as ruling this case. As that decision has since been reversed by the United States Circuit Court of Appeals for the Second Circuit, the decision of the latter court is now cited by the complainant with equal insistence as ruling the case in his favor. The case cited and mutually relied on was brought by the administratrix of the insured to recover moneys paid by the Assurance Society on policies of insurance which had been assigned contemporaneously with their issuance, on the theory, finally sustained by the appellate court, that the assignees had no insurable interest in the life of the insured, and that the assignments were in consequence wagering contracts. Cammack v. Lewis, 15 Wall. 643, 21 L. Ed. 244; Warnock v. Davis, 104 U. S. 775, 26 L. Ed. 924, distinguished from Grigsby v. Russell, 222 U. S. 149, 32 Sup. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642.

As the question in the Federal courts in the Second Circuit, though raised by the bill in this case, was not urged upon or decided by the trial court and cannot in any sense extend to the question of jurisdiction on which we think this case turns, we are of opinion that the cited decision has no bearing on the matter before us.

There is no question that Nelle E. Finnie in her capacity of administratrix would be a proper party in an action in equity of the character of this one. Similarly, there is no question that if she were made a party in that capacity to such an action instituted in the District Court of the United States for the District of New Jersey, she would, because of the identity of her citizenship with that of the defendant, instantly oust the court of jurisdiction. There being no question that she is a proper party, the question is whether she is a necessary party. This question is vigorously controverted by the parties to the action, and in support of their opposing contentions, both again cite the same authority or line of authorities, the leading one—and the only one we find necessary to discuss—being Buchanan v. Buchanan, 75 N. J. Eq. 274, 71 Atl. 745, 22 L. R. A. (N. S.) 454, 138 Am. St. Rep. 563, 20 Ann. Cas. 91.

On authority of this decision, the position of the complainant is, that a creditor of a deceased debtor may, alone and without the joinder of the debtor's personal representative, maintain an action in equity, even when no fraud is involved, to impress a trust in favor of a decedent's estate on property in the possession of another, on the theory that, when the parties before the court are such as to insure a fair trial to all, and when justice can be done to and as between the parties before the court without doing injury to absent persons, a court of equity will take jurisdiction. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80; McArthur v. Scott, 113 U. S. 340, 392, 5 Sup. Ct. 652, 28 L. Ed. 1015. The complainant insists that the Court of Errors and Appeals of New Jersey acted on these general principles in taking jurisdiction of and rendering a decision in Buchanan v. Buchanan when the administrator of the estate involved in the controversy was not a party. We do not regard Buchanan v. Buchanan as authority for this contention, for a reading of that decision shows very clearly that the court decided unequivocally that as a general rule a trustee is liable only to the legally qualified representative of the deceased whose estate has been misappropriated or is being unlawfully withheld. The exception to this rule, to which the court adverted, is the right of the next of kin, like the right of a cestui que trust in the case of a delinquent trustee, to maintain an action when the personal representative of the deceased, through collusion with the defendant or otherwise, refuses to bring the action himself. The complainant in this case endeavored to bring himself within this exception by an appropriate averment in the bill, but as he wholly failed to sustain the averment by any evidence, he stands within the general rule, on authority of Buchanan v. Buchanan and of the cases there abundantly cited, that in such an action as this the personal representative of the deceased is not merely a proper party but is an indispensable

party. The Court of Errors and Appeals of New Jersey in reversing the decree of the trial court for the nonjoinder of the personal representative of the deceased as a party, yet in retaining jurisdiction of the case—the act on which the complainant mainly relies—did so only to grant the complainant leave to apply for the appointment of a receiver to take possession of the property in dispute and hold it until an administrator could be appointed and an opportunity be afforded him to litigate the question involved. In doing this, the court did nothing more than conserve the property in dispute, which was in danger of being lost; it expressly refused to decide or even consider the merits of the dispute.

We are of opinion that the administratrix of the insured is an indispensable party to this action. As her absence from the record deprives the court of jurisdiction, and as her presence would because of identity of citizenship with that of the defendant, instantly oust the court of jurisdiction otherwise properly acquired, we affirm the decree dismissing the bill without discussing or deciding the merits of the controversy.