GILMORE et al. v. GILMORE, et al.

District Court, E. D. Louisiana. March 24, 1927.

No. 18660.

1. Courts ⊙⇒493(10)—Federal court cannot assume jurisdiction of administration of decedent's estate in custody of state probate court.

Federal court, by taking jurisdiction of suit against an administrator or executor, cannot assume jurisdiction of administration of decedent's whole estate, already in custody of state probate court for administration.

2. Courts ⊙⇒493(10)—In suit by legatees against executor and forced heirs of estate under administration in state court, federal court may determine validity of option in lease affecting interests of distributees.

In suit by legatees of decedent, whose succession is under administration in state pro-

bate court, against executor and forced heirs of decedent, federal court may assume jurisdiction, in case of diversity of citizenship, to determine validity of option contained in lease of realty in which decedent had undivided one-half interest, where validity of the option affects interests of parties as distributees in property of the estate.

3. **Executors and administrators** ☞443(1)—Bill not setting forth option contract involved, nor showing whether it was specifically enforceable, held insufficient (Civ. Code La. art. 2463, and art. 2462, as amended by Act La. No. 27 of 1920).

In suit by legatees against executor and forced heirs, involving validity of option contained in lease of realty in which decedent had undivided one-half interest, bill not setting out provisions of option contractor, nor having lease attached thereto, nor showing whether option contract was specifically enforceable under Civ. Code La. art. 2462, as amended by Act La. No. 27 of 1920, or whether it was mere promise to sell, with earnest money, within article 2463, from which parties could respectively recede by forfeiting earnest money or returning it double, held insufficient to state cause of action.

4. **Courts** ☞347(10)—Motion to dismiss bill insufficiently describing contract involved will be sustained only to extent of treating it as motion to make more specific (equity rule 20).

Under equity rule 20, motion to dismiss bill, which was insufficient because character of option contract involved in suit was not shown, will be sustained only to extent of treating it as motion to make bill more specific, enabling plaintiffs, if they can, to file amended bill specifically attacking contract sued on, correctly defining and describing it, and conforming the prayer for relief thereto.

In Equity. Suit by Mrs. Augusta Brunning Konz Gilmore and others against J. C. Gilmore, testamentary executor of the estate of Hugh Gilmore, deceased, and others. On motion to dismiss the bill. Motion sustained as motion to make complaint more specific.

Charles Louque, of New Orleans, La., for complainants.

Spencer, Gidiere, Phelps & Dunbar and Warren V. Miller, all of New Orleans, La., for defendants Marchiz and Reiner.

Frank T. Doyle and Edw. Dinkelspiel, both of New Orleans, La., for defendants Elizabeth Gilmore, Walker, and Fink.

Thomas Gilmore, of New Orleans, La., for defendant J. C. Gilmore.

BURNS, District Judge. The motions to dismiss for want of jurisdiction are directed against the bill of complaint, which recites that the plaintiffs are particular legatees of the decedent, whose succession is under administration in the civil district court for the parish of Orleans. The plaintiff legatees are citizens of the state of Mississippi, whereas the defendant executor and the defendant forced heirs are citizens of Louisiana. Their combined legacies amount to some $11,500. The jurisdiction of this court depends upon diversity of citizenship.

The question presented is whether or not it is within the power of this court, sitting as a court of equity, to assume jurisdiction of the subject-matter. Stripped of irrelevancies, the bill recites that the defendant executor has full seizin and is now in full possession of the estate of Hugh Gilmore, which consists of his undivided one-half of one piece of real estate, in New Orleans, valued at more than $50,000; that the said property had belonged to the community existing between the decedent and his first wife, predeceased; that this wife had died, leaving three children, who became vested, under the Louisiana doctrine of le mort saizit le vif, as the forced heirs of first their said mother, then of the deceased father, as of the dates of their respective deaths; that the latter, as testator, leaving three surviving children, could dispose by will of only the disposable portion, or one-third of his estate; that, if this real estate did not bring more than the sum of $50,000, the testator's half would be $25,000, and two-thirds of this descending by law to the defendant forced heirs would not leave sufficient funds to pay these particular or special legacies in full by $3,166.67, making no allowance for debts; that a "cloud is now resting on the property," growing out of an option inserted in a lease executed during the lifetime of the decedent testator, by the terms of which the property was leased for a period of 10 years at a monthly rental of $300 per month, containing an option in favor of the lessees, which cannot be exercised by them before the end of the lease on March 21, 1931.

The prayer for relief is as follows: "That a decree be rendered herein, ordering the property above described to be sold at public auction by a master appointed for that purpose by the court, and that the defendants Harry Marchiz and Nathan Reiner be ordered to receive and accept the sum of $2,000 tendered herein, and that the agreement of sale be canceled and set aside, and that said property be transferred to the purchaser at public auction free from said agreement, and that the parties be referred to the master to make a proper distribution of the proceeds of sale and pay your complainants their legacies out of proceeds of said sale, and complainants pray for such further relief as may be

necessary in the premises and for general relief."

[1] From the foregoing it is clear that two questions are presented; i. e., whether this court may assume jurisdiction of the whole administration of the res, which is already in the custody of a state probate court under administration, or, in the alternative, assume jurisdiction of the issue arising out of the attack on the alleged option, in which the nonresident legatees have an interest.

The first question must be answered in the negative. The leading cases on this point, decided by the United States Supreme Court, are Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867, and Waterman v. Canal Louisiana Bank Co., 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80. These seem to conclude that it is settled law, and a rule of general application, that, where property is in the actual possession of a court of competent jurisdiction, such possession cannot be disturbed by process issued out of another court; that an administrator appointed by a state court is an officer of that court; that his possession of the decedents' property is the possession of that court, and as such it cannot be disturbed by process issued out of a federal court; that the federal courts have no original jurisdiction in respect to administration of decedent's estates, and they cannot, by entertaining jurisdiction of a suit against the administrator (or executor), which they have the power to do in certain cases, draw to themselves the full possession of the res, or invest themselves with the authority of determining all claims against it; that, however, while they cannot seize and control property which is in possession of the state courts, and have no jurisdiction of a purely probate character, they can, as courts of chancery, exercise jurisdiction, where proper diversity of citizenship exists, in favor of creditors, legatees, and heirs to establish their claims and have proper execution of a trust as to them. This first question is therefore answered in the negative qualifiedly.

[2] The second question should be answered affirmatively. This court would have jurisdiction to determine between the plaintiffs and the defendants the validity of the option affecting their interests as distributees in the property of the estate, if that issue is fairly presented.

[3] The allegations, however, are not certain and definite enough to determine the character of the stipulation in the lease. The bill does not quote the disputed contract, nor is the lease attached to it. This certainty is necessary to permit its classification, either as an option subject to specific performance, or as a mere promise to sell made with the giving of earnest money. Certain of the allegations tend to suggest that the contract is attacked as containing a potestative condition or want of mutuality. In article 8 it is alleged that the cloud resting on the title is by reason of "an addendum inserted at the end of the lease, which was executed by S. L. Jacob, as agent, to Marchiz and Reiner, * * * and contains an option on the part for the sum of $50,000, which option is to last until the expiration of the lease, but cannot be exercised by the tenants before the 31st of March, 1931; that under the terms of said addendum to said lease the lessors have a right to tender title at any time previous to the expiration of the lease, and the lessees reserved their right to forfeit their deposit and be released from their obligation to purchase; that by reason of said clause the agreement, being a synallagmatic one, to be valid, must bind both parties or none, and your complainants have the right to treat said deposit as a forfeit, and by returning the double to cancel the agreement of sale and be released from same; that your complainants do now tender to the said H. Marchiz and R. Reiner to be paid on acceptance of this offer or whenever the court shall so order."

It is important to know whether the contract was made in contemplation of article 2462 of the Louisiana Revised Civil Code, as amended by Act 27 of 1920, or article 2463, or whether it is voidable under the general law governing contracts. If there existed a reciprocal consent of both parties as to the thing, the price, and the terms, it would so far amount to a sale as to give either party the right to enforce specific performance of same, under article 2462, which defines an option. On the other hand, if it was a mere promise to sell, made with the giving of earnest, each of the contracting parties would be at liberty to recede from the promise, he who had given the earnest by forfeiting it, and he who had received it by returning the double, being governed by article 2463.

Moreover, the allegations of article 8 suggest, but do not charge, fraud or deceit had been practiced on the decedent and defendant heirs, by the lessees or grantees, or by the real estate agent named therein. It is not charged that this agent acted without the authorization of the decedent and his co-owners.

[4] For these reasons I conclude that, whilst this court might have jurisdiction, as be-

tween the plaintiffs and the defendants, to determine the validity of a contract such as the one in question might be, the same is not sufficiently defined to clearly state a cause of action. It was formerly the practice of courts to dismiss such causes, construing every intendment against the pleader; but now the courts recognize the fact that it is more important to determine the issues than the formality of pleadings, provided, of course, that the facts alleged in the bill of complaint entitle the plaintiff to the relief sought.

However, the motion to dismiss will be sustained only to the extent of treating it as a motion to make the complaint more specific. This will enable the plaintiffs, if they can, to file an amended bill, specifically attacking the contract sued upon, correctly defining and describing it, and conforming the prayer for relief thereto. See equity rule 20; U. S. v. United Shoe Machinery Co. (D. C.) 234 F. 127, 137.

Accordingly, 10 days will be allowed complainants in which to amend the bill to show a cause of action; otherwise, upon their default, a decree may be entered, dismissing the suit at their cost.