**INLAND FINANCE CORPORATION,** Appellant,

v.

**CHAMPION CIGARETTE VENDING COMPANY, a corporation, and Guy Moss, Appellees.**

No. 7674.

United States Court of Appeals Fourth Circuit.

Argued Oct. 13, 1958.

Decided Oct. 16, 1958.

Roy S. Samms, Jr., Charleston, W. Va. (Pettigrew, Samms & Pettigrew, Charleston, W. Va., on brief), for appellant.

No oral argument or brief for appellees.

Before HAYNSWORTH, Circuit Judge, and BARKSDALE and BRYAN, District Judges.

PER CURIAM.

In the view that another citizen of West Virginia was indispensable as a party plaintiff, this diversity suit of the appellant Inland Finance Company, an Iowa corporation, against two citizens of West Virginia was dismissed. In this the District Court erred, for the appellant is asserting a cause of action exclusively its own, not one possessed jointly with the absent party, the firm of Michael, Michael and Jackson.

This firm was the sole distributor and agent in Charleston for selling the cigarette vending machines manufactured by Fawn Engineering Corporation Products. It sold them under conditional sales contracts. These were financed through the

appellant, to whom for that purpose the contracts were assigned by the Michael firm.

In competition with Michael in this business was the defendant Champion Cigarette Vending Company, whose president, Guy Moss, was the other defendant. Champion handled other types of cigarette vending machines, leasing them to retail stores for a compensation based on sales. The complaint charges that these defendants have engaged, and are now engaging, in wrongful and unlawful tactics to persuade the conditional vendees of the Fawn machines, already financed by the plaintiff, to discontinue the use of those units and refuse to perform their purchase contracts, all to the severe damage of the plaintiff. Injunctive relief with damages is sought.

██ On the face of the pleadings, we think, the plaintiff asserts an interest belonging wholly and solely to itself— an interest apart from, and not shared with, Michael, Michael and Jackson. It consists of appellant's investment in the contracts. For the protection and preservation of that interest, the appellant may sue to prevent impairment of the contracts, as well as to recover for such injury to them as may have already been caused by the defendants' conduct. This is true whether the plaintiff has retained, or has released, recourse upon the contracts against the distributor-agent as assignor.

The assignor, too, may perhaps have an action against the defendants, but that right does not embrace, merge or preclude the plaintiff's cause of action, a right peculiar to the plaintiff by virtue of its property in the contracts. Nor would any right of action of the distributor-agent be prejudiced by the outcome of the appellant's suit. Gramatan-Sullivan, Inc., v. Koslow, 2 Cir., 1957, 240 F.2d 523, 524, certiorari denied 353 U.S. 958, 77 S.Ct. 864, 1 L.Ed.2d 909; and see generally, Waterman v. Canal-Louisiana Bank & Trust Co., 1909, 215 U.S. 33, 49, 30 S.Ct. 10, 54 L.Ed. 80.

The order of the trial court must be vacated and the case remanded for further proceedings.

Reversed and remanded.