## GATZERT v. LUCEY et al.

### (District Court, N. D. New York. November 18, 1914.)

1. ASSIGNMENTS (§ 8*)—VALIDITY—RIGHTS ASSIGNABLE—DISTRIBUTIVE SHARE IN ESTATE.

An agreement by which persons claiming an interest in the estate of an intestate as heirs at law, in consideration of the withdrawal of a contest of their claims, assign and set over to the contestants a stated sum out of their distributive shares in the estate, is based on a valuable consideration, and is valid and enforceable.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 13; Dec. Dig. § 8.*]

2. COURTS (§ 262*)—FEDERAL COURTS—EQUITY JURISDICTION—ESTABLISHING INTEREST IN ESTATE OF DECEDENT.

Where, under the law of a state, a probate court having charge of the settlement of the estate of a decedent is without power to recognize and enforce an assignment of the share of a distributee, the validity of which is denied, a federal court of equity, where there is the requisite diversity of citizenship, has jurisdiction to determine the validity of the assignment, and make such decree as will establish the rights of the assignee thereunder, which may be recognized and enforced by the probate court in the distribution of the estate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 614, 615; Dec. Dig. § 262.*]

In Equity. Suit by Milton Gatzert against Michael L. Lucey, as executor of the will of John Carney, deceased, James Carney, and Elizabeth Carney Pratt, commonly known as Lizzie Pratt. Decree for complainant.

This is a suit in equity to have the rights and interests of Milton Gatzert in the estate of John Carney, deceased, determined and established, and so declared as to be enforced by the probate court of Cook county, state of Illinois, on the distribution of the balance of such estate.

Max Rothman, of New York City, and H. D. Bailey, of Troy, N. Y., for complainant.

James Farrell, of Troy, N. Y., for defendants.

RAY, District Judge. In March, 1910, and prior thereto, there was a proceeding pending and being heard in the probate court of the county of Cook, state of Illinois, in reference to and in the matter of the estate of Anna F. Baker, deceased, and in which proceeding James Carney, John Carney and Elizabeth Carney Pratt, who sometimes used the name Lizzie Pratt, were seeking to establish themselves and obtain recognition as next of kin and heirs at law of the said Anna F. Baker, deceased. This attempt on their part had been and was being opposed by William B. Remmey and others associated with him. March 12, 1910, an agreement for the distribution of such controversy and settlement thereof was entered into, and John Carney, James Carney, and Elizabeth Carney Pratt signed, executed, and delivered an agreement in writing, of which the following is a copy, viz.:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Whereas, in the matter of the estate of Anna F. Baker, deceased, now pending in the probate court of Cook county, Illinois, the legitimacy of the undersigned as lawful heirs of William D. Remmey, a brother of the half-blood of said Anna F. Baker, deceased, is now being contested by William E. Remmey, William T. Remmey, Ida Remmey Lawton, and James A. Starkweather and Elizabeth Remmey Starkweather, executors of the estate of Martha P. R. Starkweather, deceased, on the ground that said William D. Remmey left no lawful heirs, and that the undersigned are not the lawful heirs of said William D. Remmey; and

"Whereas, the said last-mentioned parties and the undersigned have consented and agreed to settle said controversy out of court, in the manner hereinafter set out:

"Now, therefore, this agreement witnesseth, the said William W. Remmey, William T. Remmey, Ida Remmey Lawton, and James A. Starkweather and Elizabeth Remmey Starkweather, executors of the estate of Martha P. R. Starkweather, deceased, do hereby consent that an order may be entered in the probate 'court of Cook county, Illinois, finding the undersigned to be lawful heirs of the said William D. Remmey, deceased, and do hereby further agree to prosecute no appeal from the said order or finding of said probate court of Cook county, Illinois; and, in consideration of the aforesaid, we, the undersigned, have sold, assigned, transferred, and set over, and by these presents do sell, assign, transfer, and set over, unto the said William W. Remmey, William T. Remmey, Ida Remmey Lawton, and James A. Starkweather and Elizabeth Remmey Starkweather, executors of the estate of Martha P. R. Starkweather, deceased, the sum of seventy-seven hundred dollars ($7,700) out of our shares as heirs at law of Anna F. Baker, deceased, the said sum to be paid in cash to Albert Martin, as attorney for the said William W. Remmey, William T. Remmey, Ida Remmey Lawton, and James A. Starkweather and Elizabeth Remmey Starkweather, executors of the estate of Martha P. R. Starkweather, deceased, and to be due and payable out of the first distribution made to us as heirs at law of Anna F. Baker, deceased. This assignment shall be of no effect if any of the heirs herein appeal from the order adjudging the undersigned heirs of the estate of said Anna F. Baker, deceased.

"It is further understood and agreed that this agreement and assignment shall become effective and binding upon the entry of the first order of distribution in said estate of Anna F. Baker, deceased, ordering and awarding a distribution to the undersigned, as heirs at law of Anna F. Baker, deceased.

"In witness whereof, the parties hereto have set their hands this 12th day of March, A. D. 1910.          John Carney.
"Lizzie Pratt.
"James Carney.

"State of New York, County of Rensselaer, City of Troy—ss.:

"John Carney, Lizzie Pratt, and James Carney, being first duly sworn, depose and say that they have read the foregoing instrument, that they are acquainted with the contents thereof, that they have subscribed their names thereto, and that they have executed the within instrument on their own accord and with the full knowledge of the contents and meaning thereof.
"John Carney.
"Lizzie Pratt.
"James Carney.

"Subscribed and sworn to before me this 12th day of March, A. D. 1910. "Harry E. Clinton. Com. of Deeds, Troy, N. Y.

"State of New York, County of Rensselaer, City of Troy—ss.:

"On this 12th day of March, 1910, before me, personally appeared John Carney, James Carney, and Lizzie Pratt, all to me personally known and known to me to be the same persons described in and who executed the within instrument, and they severally and duly acknowledged that they executed the same.
"Harry E. Clinton, Com. of Deeds, Troy, N. Y."

And as a part of such instrument, and connected with it, William W. Remmey, William T. Remmey, Ida Remmey Lawton, and James A.

Starkweather and Elizabeth Remmey Starkweather, executors of the estate of Martha P. R. Starkweather, deceased, other parties interested in said controversy, in writing ratified and approved and consented to the said agreement, and consented that the money mentioned and to be paid under and pursuant to such agreement when paid should be paid and distributed, etc., as set forth in the following ratification and agreement, viz.:

"We, the undersigned, William W. Remmey, William T. Remmey, Ida Remmey Lawton, and James A. Starkweather and Elizabeth Remmey Starkweather, executors of the estate of Martha P. R. Starkweather, deceased, do hereby ratify and approve, and herewith consent to the agreement hereinbefore and in the two preceding pages set forth, and hereby consent that said money, when received by Albert Martin, shall be distributed to us, less his fee, as follows:

"One seventh to William W. Remmey.

"One seventh to Ida Remmey Lawton.

"Two and five-tenths sevenths to William T. Remmey.

"Two and five-tenths sevenths to James A. Starkweather and Elizabeth Remmey Starkweather, executors of the estate of Martha P. R. Starkweather, deceased.

"William W. Remmey.
"Ida Remmey Lawton.
"William T. Remmey.
"Elizabeth Remmey Starkweather.
"James A. Starkweather."

Indorsed:

"John Carney, James Carney, and Lizzie Pratt, with William W. Remmey and Others. Assignment and Agreement. Dated March 12th, 1910."

The decree, etc., referred to was entered, and no appeal was taken, and in or about the month of May, 1910, the probate court of said Cook county, entered a decree in distribution, ordering and awarding a distribution to said John Carney, Lizzie Pratt, and James Carney, as heirs at law of Anna F. Baker, deceased, of a sum of money in distribution, to wit, more than $7,700, the sum to be paid by said agreement. Instead of complying with the said agreement when the sum awarded was paid to them, the said John Carney, Lizzie Pratt, and James Carney only paid over to the parties entitled thereto the sum of $4,000, and which sum was paid on or about the 20th day of May, 1910. The sum awarded and paid to said distributees was more than enough to pay the sum agreed to be paid out of the first distribution or dividend, and since that time there has been paid to apply on the sum agreed to be paid under said agreement certain other sums, reducing the amount still due and unpaid under such agreement to the sum of $1,850 of the principal and interest from May 20, 1910, when same should have been paid according to the terms of such agreement.

Since that time, or the making of said agreement, all the title, right, and interest of the said parties for whose benefit said agreement was made have been duly sold, assigned, and transferred to the complainant herein, Milton Gatzert, with the balance of the moneys so due, and their right, title, and interest under said agreement, and the said complainant is now the owner thereof and entitled to such balance, with interest as aforesaid. There is a sum of money in said estate of said Anna F. Baker, deceased, not yet distributed, the exact amount of which has not yet been determined, and distributable, when distri-

bution is made, to the estate of John Carney, now deceased, and to said James Carney and Elizabeth Carney Pratt, or Lizzie Pratt. Although demand has been made, the said balance due under said agreement has not been paid, and the said defendants have ignored and denied the right of the said Milton Gatzert or of his assignors under said agreement, but not questioning the validity of the assignment to the complainant; the denial going to the validity of the said agreement and the right of the said Milton Gatzert and of his assignors to receive the moneys directly or indirectly pursuant to such agreement.

[1] Under the laws of the state of Illinois, as under the laws of the state of New York as they existed at the time said agreement and distribution before referred to were made, the probate court of Cook county, state of Illinois, was and is without power to determine the controversy thus arising, and to enforce such agreement and assignment and protect the rights and interests of the complainant herein under such agreement and the assignment thereof, and in the sums of money to be paid in accordance with the provisions thereof, and it has become necessary to have the rights of the complainant in and to the estate of said Anna F. Baker adjudicated and determined, and his rights in the distribution of the remainder of the estate, when made, adjudicated and determined, to the end that, when such distribution is made, the rights of the complainant in said estate or the moneys to be distributed may be recognized and enforced by the probate court aforesaid. The facts are such that the complainant has no full, complete, and adequate remedy at law.

The consideration for the agreement was valid, and a valuable consideration, and the agreement itself was a valid agreement. The allegations of the answers, alleging invalidity, fraud, etc., have not been sustained by any evidence whatever. It will be noted that by the terms of the agreement John Carney, Lizzie Pratt, and James Carney sold, assigned, transferred, and set over unto the said William W. Remmey, William T. Remmey, Ida Remmey Lawton, and James R. Starkweather and Elizabeth Remmey Starkweather, as executors of Martha P. R. Starkweather, deceased, the sum of $7,700 out of their shares as heirs at law of said Anna F. Baker, deceased, and provided that the said sum was to be paid to Albert Martin as attorney for them, and by express terms was to be and became due and payable out of the first distribution made to said John and James Carney and Lizzie Pratt. The defendants have ignored the rights of the complainant and his assignors, except to the extent above stated, and since such payments have absolutely and wholly ignored and denied the rights of the complainant, and, as stated, deny the validity of the agreement and assignment of such fund declared in such agreement.

[2] The real question is: Has the complainant any remedy in equity by and through which he can have his interest in this estate adjudicated, to the end that the probate court of Cook county, Ill., may recognize that right and decree payment to the complainant when the next distribution is made under such assignment and a decree to be made by this court of equity. The complainant, Milton Gatzert, is a citizen and a resident of the state of Illinois; but the defendants, who deny the

right of the complainant as above stated, are each and all citizens and residents of the Northern district of New York.

On the face of this agreement the said parties sold and assigned $7,700 of their interest in said estate and in the sums to be distributed to them. It was agreed that it should be paid to the attorney of the assignors of the complainant out of the first dividend or distribution made. This was not done; but this court does not see that this breach of the agreement in any way impairs the right of the complainant, or that it in any way impaired the right of the complainant's assignors to an interest in this estate to the extent of that part of the $7,700 remaining unpaid. Under the Probate Law of the state of New York, as well as the state of Illinois, the probate court is without power to recognize and enforce an assignment of a legacy or distributive share, when the validity of the assignment is denied; but a court of equity has power to try and determine the validity of the assignment, and make such decree as will protect and enforce such right.

In Pulver v. Leonard (C. C.) 176 Fed. 586, it was held that a person entitled to a distributive share of the estate of a deceased person may maintain a suit in a Circuit Court of the United States against the administrator concerning his right to such share. And in Laws v. Fleming (C. C.) 177 Fed. 450, it was held that a court of equity is not deprived of jurisdiction if the remedy at law is doubtful, difficult, and not adequate to the object to be attained, nor so complete as in equity, nor so efficient and practicable to the ends of justice and its prompt administration.

Here we have not only a direct, but an equitable, assignment of a part of the fund to be distributed and paid to the parties who executed the above agreement. This gives to the complainant here an interest in this estate, and the right, if the agreement be valid, to have paid to him the balance found due. The complainant is under no obligation to wait until the money is paid to those parties and then seek to recover in an action at law. The right, when duly established by a decree, may be recognized and enforced by the probate court of Cook county. Byers v. McAuley, 149 U. S. 608, 614, 615, 13 Sup. Ct. 906, 37 L. Ed. 867; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80. In the Byers Case, supra, it was held that a citizen of another state may proceed in the federal courts to establish a debt against an estate, but the debt thus established must take its place and share in the estate as administered by the probate court; it cannot be enforced by direct process against the estate itself; also:

"Therefore a distributee, citizen of another state, may establish his right to a share in the estate, and enforce such adjudication against the administrator personally, or his sureties, or against other persons liable therefor, or proceed in any way which does not disturb the actual possession of the property by the state court."

The same case holds that the federal court in equity cannot make any decree looking to the mere administration of the estate. This is, of course, true, as the property is in the possession of the probate court; but the right of the person to share in the estate may be established, and such decree, when made, will be recognized by the probate court. In the Waterman Case, supra, it was held:

"While federal courts cannot seize and control property which is in the possession of the state courts, and have no jurisdiction of a purely probate character, they can, as courts of chancery, exercise jurisdiction, where proper diversity of citizenship exists, in favor of creditors, legatees, and heirs, to establish their claims and have a proper execution of the trust as to them. Although complainant in this case asks in some of her prayers for relief which is beyond the jurisdiction of the court, as being of a purely probate character, if the allegations of the bill support them, the court may grant other prayers for relief which are within its jurisdiction, and, as a court of equity, shape its decree according to the equity of the case. Where the bill does not seek to set aside the probate of a will, or interfere with the possession of the probate court, the federal court of equity, in a case where diverse citizenship exists, may determine, as between the parties before the court, their interests in the estate, and such decree will be binding upon, and may be enforced against, the executor. It will be assumed that the state probate court will respect the decree of the federal court having jurisdiction settling the rights of parties in an estate, and the denial of effect of such a decree presents a claim of federal right which can be protected by this court."

There are several cases in the Supreme Court of the United States, cited in the Waterman Case, 215 U. S. 43, 30 Sup. Ct. 10, 54 L. Ed. 80, holding the same doctrine. In Matter of Randall, 152 N. Y. 508, 46 N. E. 945, it was held, reversing 80 Hun, 229, 29 N. Y. Supp. 1019:

"1. Surrogates—Jurisdiction.—The general powers of a court of equity do not belong to a Surrogate's Court. Code Civ. Pro. §§ 2472, 2481, 2743.

"2. Accounting—Disputed Assignment of Distributive Share.—When, upon an accounting in Surrogate's Court, the same distributive share is claimed by two persons, one by original title and the other by an assignment apparently valid, resort must be had to a court of equity to settle the dispute.

"3. Assignment of Distributive Share to Administrator—Surrogate without Power to Set Aside, on Accounting.—A Surrogate's Court has not power, upon the final settlement of the accounts of an administrator, to set aside or treat as invalid a written assignment, valid upon its face and made for a good consideration, whereby one of the next of kin has assigned to the administrator, as an individual, a distributive share in the estate; but the question of the validity of the assignment is for a court of equity."

As the defendants have denied the validity of the agreement which assigns an interest in the estate, and which agreement and all rights thereunder were assigned to the complainant, the probate court of Cook county, Ill., cannot decree payment to the complainant; but a court of equity, duly appealed to, can establish, and it is its duty to establish, the right of the complainant in the estate of Anna F. Baker, and, as was said by the Supreme Court of the United States, it is assumed that the probate court of Cook county, on the presentation of the decree of this court establishing such interest and right of the complainant, will recognize same and decree distribution accordingly. As was said in those cases, should a probate court, or should the probate court of Cook county, fail to respect and enforce such decree establishing the right of the complainant, it could be compelled so to do in an appropriate proceeding.

There will be a decree, therefore, in favor of the complainant and against the defendants, establishing the right of the complainant and his interest in the estate, and the validity of the agreement and the assignment to him, and, of course, fixing the amount due the complainant, with costs.